DECISION AND JUDGMENT ENTRY
Charles C. Sowards appeals the Scioto County Court of Common Pleas' determination that he is a sexual predator. He asserts that the determination is against the manifest weight of the evidence. Because some competent, credible evidence supports the trial court's determination, we disagree. Accordingly, we affirm the decision of the trial court.
 I.
In July 1990, a jury found thirty-three year old Sowards guilty of rape, a violation of R.C. 2907.02(A)(1)(b). The trial court sentenced Sowards to life in prison. In April 2000, the trial court held a sexual offender classification hearing. Three witnesses testified.
First, the now twenty year old victim, Minnie Sowards, testified that (1) Sowards is her father; (2) Sowards had vaginal intercourse with her a few times each month from when she was four or five years old until she was nine or ten years old; (3) Sowards raped her mostly when he drank; (4) Sowards tried to make her uncle's dog have sex with her by having the dog mount her back, resulting in the dog scratching her; and (5) she feared Sowards because he whipped her and her sister with switches or belts and once hit her in the mouth with his fist, causing her lip to swell to the size of a golf ball.
Next, Lester Sowards testified that (1) Sowards is his brother; (2) Sowards has always "protested his innocence"; (3) in August 1999, the victim, while in the presence of Lester and his father, told his aunt that Sowards did not do the things about which she had testified and that she would sign a paper to that effect; (4) the victim also said that people "put her up to saying things like that;" (5) the victim never signed a paper; and (6) he is the only remaining witness to the victim recanting her testimony because his father passed away (he never said what happened to his aunt).
The last witness, Sowards, testified that he never had sex with his daughter or fondled her. In short, he totally denied having any sexual contact with his daughter and said that she had always lied about it.
At the end of the hearing, the trial court found, by clear and convincing evidence, that Sowards is a sexual predator. The court said:
 I base that determination upon his age at the time of the offense and his age now. Should he get out he would still be a rather young man. The age of the victim was between five and nine years old at the time of these offenses and the fact that the victim was his own daughter at the time bears upon my determination.
 From the evidence I've seen here today there is absolutely no remorse. He continues to deny his involvement and that's fine. There was some testimony about another sister partially being involved. That's not part of the evidence at trial as I understood it and that's not into my consideration, but that is something that came up here today. I believe that this is somewhat of a pattern.
 I listened with interest to the fact that he was a pretty good father when he wasn't drinking. The incidents where they went hunting, they went fishing, they got along, but when he was drinking these things would happen. Both in the form of sexual abuse and also physical abuse through beatings and punishment. We have no evidence here that this man has gone through any programs for sexual offenders and what those happen to be[.]
In its judgment entry the trial court found by clear and convincing evidence that Sowards is a sexual predator. However, the trial court did not reduce its oral findings regarding the relevant factors contained in R.C. 2950.09(B)(2) to writing. Sowards did not request Civ.R. 52 findings of fact and conclusions of law.
Sowards appeals and asserts the following assignment of error:
 The trial court erred in adjudicating appellant as a sexual predator because it was against the manifest weight of the evidence.
 II.
Sowards argues in his assignment of error that the trial court's finding that he is a sexual predator is against the manifest weight of the evidence because he has only one sexually oriented offense and he has not committed any sexually oriented offenses during his ten year prison sentence.
A sexual predator is a person who has been convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). Sexual offender classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B); Statev. Cook (1998), 83 Ohio St.3d 404, 408. We will not reverse a trial court's determination that an offender is a sexual predator if some competent, credible evidence supports it. State v. Morris (July 18, 2000), Washington App. No. 99CA47, unreported; State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA09, unreported; State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported. This deferential standard of review applies even though the state must prove the offender is a sexual predator by clear and convincing evidence. Meade. See, also,State v. Hannold (June 28, 1999), Washington App. No. 98CA40, unreported.
In order to determine if the offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including those listed in R.C. 2950.09(B)(2). Cook at 407-408. These factors are as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
While a "prolonged period of time without additional sexually oriented offenses" is a factor that may be considered by the trial court and may weigh "against a finding that [an offender] has a propensity for committing further sexually oriented offenses[,]" State v. Parker
(1999), 134 Ohio St.3d 660, 666, it does not prevent a trial court from classifying the offender as a sexual predator when the trial court engages in a thorough analysis of the statutory factors. See, e.g., Statev. Moodie (June 30, 2000), Jefferson App. No. 99JE56, unreported, fn. 1.
Sowards first argues that the trial court erred by not putting its factual findings in its judgment entry. In its judgment entry, the trial court first found, by clear and convincing evidence, that Sowards is a sexual predator. Then, the trial court made only one factual finding: "the victim herein was under age 13." Sowards maintains that an underage victim, standing alone, is not enough evidence for the court to find that he is likely to offend in the future.
R.C. 2950.09 requires a court to consider all relevant factors. The statute does not, however, require a trial court to make explicit findings regarding relevant factors. See Hannold, supra; State v. Smith
(July 20, 1998), Hocking App. No. 97CA10, unreported. Here, Sowards did not make a Civ.R. 52 request for findings of fact and conclusions of law. Thus, we find that the trial court did not err by failing to reduce its factual findings to writing, and did not rely solely upon the age of the victim in determining that Sowards is a sexual predator.
Sowards next argues that the state called only the victim to the stand during the hearing, and she alleged only that Sowards committed a sexual offense, which Sowards rebutted. Sowards contends that showing only that he committed a sexually oriented offense does not prove that he is likely to commit future sexually oriented offenses. However, after reviewing the record in this case, we find that the state offered evidence beyond the rape conviction. The victim's testimony allowed the court to consider Sowards' behavior as it related to the rape conviction. While it is true that Sowards' does not have any additional sexually oriented offenses, we note that Sowards has been in prison since his conviction. The trial court properly considered Sowards' behavior after the rape as well. For example, the court noted that Sowards did not seek sex offender treatment while in prison.
A trier of fact may consider past behavior in determining future propensity to commit sexually oriented offenses because past behavior is often an important indicator for a future propensity. State v. Bartis
(Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, citing Kansasv. Hendricks (1997), 521 U.S. 346 and Heller v. Doe (1993), 509 U.S. 312, affirmed (1998), 84 Ohio St.3d 9 . For that very reason a court may designate a first time offender as a sexual predator. See, e.g., Meade;State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported.
A court is under no obligation to "tally up" the R.C. 2950.09(B)(2) factors in any particular fashion. State v. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported; State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13, unreported. A court may classify an offender as a "sexual predator" even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the state. State v. Meade (Apr. 30, 1999), Scioto App. No. 98CA2566, unreported.
Neither party disputes that in 1990 the trial court convicted Sowards of rape, a sexually oriented offense. Therefore, the only issue in this case is whether there is some competent, credible evidence that he is likely to engage in the future in one or more sexually oriented offenses. We find that there is some competent, credible evidence to support the trial court's finding that Sowards is likely to engage in one or more sexually oriented offenses in the future.
Here, the record shows that (1) Sowards was thirty-three years old in 1990 and forty-three years old at the time of the hearing, (R.C.2950.09(B)(2)(a)); (2) his prior record consists of one offense, rape in 1990, (R.C. 2950.09(B)(2)(b)); (3) the victim was nine or ten years old in 1990, (R.C. 2950.09(B)(2)(c)); (4) Sowards has not completed his life sentence for the rape and has not participated in any available programs for sexual offenders, (R.C. 2950.09(B)(2)(f)); (5) Sowards still denies that he raped or fondled the victim, (R.C. 2950.09(B)(2)(j)); (6) Sowards got drunk and raped his daughter a few times a month from the time the victim was four or five years old until she was nine or ten years old, (R.C. 2950.09(B)(2)(h)); (7) the victim did not resist the rapes because she feared Sowards, who had whipped her with switches or belts and hit her with his fist, (R.C. 2950.09(B)(2)(i) and (j)); and (8) Sowards tried to have a dog have intercourse with his daughter, (R.C. 2950.09(B)(2)(i) and (j)). Accordingly, we find that the trial court's decision that Sowards is a sexual predator is not against the manifest weight of the evidence. We overrule Sowards' sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ Roger L. Kline, Judge
Harsha, J. and Evans, J.: Concur in Judgment and Opinion.